# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 10-1711 |
| | : | |
| DELUCA ENTERPRISES, INC. and | : | |
| DELUCA INVESTMENT, INC., | : | |
| Defendants. | | |

## MEMORANDUM ORDER

Petitioner, Re/Max Centre has by its petition requested that this court either grant allowance to it to file broker liens or intervene to request payment of broker fees. Unfortunately for Re/Max Centre, it has no colorable right to the relief it is requesting.

It is undisputed that the listing agreement which Re/Max Centre signed with DeLuca Enterprises, Inc. t/a DeLuca homes on August 21, 2009 (Re/Max Pet. Ex. B., para. 25B at p. 4) provided that the listing agreement shall terminate . . . upon the appointment of a receiver . . . and in the event of any such termination, neither transferee, the receiver nor lender shall have any obligation pursuant to such listing agreement to pay any fees . . . .

Re/Max Centre acknowledges the aforesaid paragraph but argues that it is ambiguous when read with paragraph 8 of the listing and that this ambiguity should be resolved in favor of Re/Max Centre. However, the preface to paragraph 25B is clear and unambiguous. It states, "Notwithstanding anything in this listing agreement to the contrary."

This language makes it clear that any obligation to pay broker fees or commission, terminated upon the appointment of a receiver which occurred in this case by order dated May 7, 2010. Over 10 months later, this petition was filed.

An order follows.

**AND NOW**, this 6th day of April, 2011, upon consideration of Re/Max Centre's petition for allowance to file broker's liens or, in the alternative, to intervene in this case to request payment of broker's fees (Docket No. 65), and the opposition thereto of plaintiff, Wells Fargo Bank, N.A. and Rouse/Chamberlin, Ltd., the Court-appointed receive for DeLuca Enterprises Incorporated Assets, and after a hearing having been held this date, it is hereby **ORDERED** that Re/Max's Petition is **DENIED**.

**IT IS SO ORDERED**.

BY THE COURT:

*s/ Ronald L. Buckwalter*
RONALD L. BUCKWALTER, S.J.